[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married on September 16, 1988 at East Haven, Connecticut.
All jurisdictional requirements have been met.
The marriage of the parties has broken down irretrievably and the same is hereby dissolved.
The court has considered the statutory criteria contained in Connecticut General Statutes 46b-81 and 46b-82 and enters the following orders.
1. The property at 19 Clearview Avenue, East Haven shall be sold. The parties shall cooperate in the pending sale, and in further marketing of the home if the sale does not close. The court retains jurisdiction over the sale of the home. Until the time of the sale of the home the parties shall be responsible for the mortgage taxes, insurance, fuel, utilities and upkeep necessary to maintain the property for sale, the plaintiff paying 70% and the defendant 30% of said costs.
2. Upon the sale of the home, the first mortgage shall be paid along with taxes due and normal costs of closing including reasonable attorney's fees. The defendant shall receive thirty percent of the net proceeds not to exceed $12,000.00 and the balance is awarded to the plaintiff. CT Page 4064
3. The defendant shall be solely responsible for the obligations owing to Citibank on two Visa Cards. He shall pay the same and indemnify and hold harmless the plaintiff thereon.
4. The plaintiff shall be solely responsible for the obligations to Monagram Bank and Chevy Chase Visa. She shall pay the same and indemnify and hold harmless the defendant thereon.
5. Each of the parties shall be responsible for one-half of the obligations owing to U.I., Clearview Landscape, Longobardi Fuel, SNET, Heritage Cable, and the real estate agent for his fuel purchase. Each shall indemnify and hold harmless the other as to their one-half obligation.
6. Each party shall be solely responsible for any other obligation reflected on his or her respective financial affidavit.
7. The allocation of debt outlined in paragraphs 3, 4 and 5 supra, are intended as support, each for the other in lieu of lump sum alimony and shall not be dischargeable in bankruptcy. These orders shall be non-modifiable.
8. No periodic alimony is awarded either party.
9. If medical insurance is available through the defendant's employment, he shall cooperate in having the same extended to the plaintiff for as long as the law allows, at her expense.
10. Each party shall be responsible for their own counsel fees.
11. The defendant shall return, in good condition, to the plaintiff the items listed in paragraph three of her claims for relief within two weeks of judgment.
BY THE COURT ELAINE GORDON, JUDGE